UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARCHIEVE TRIGGS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-5605 |
| LOUISIANA INSURANCE GUARANTY ASSOCIATION, ET AL. | SECTION "R" (4) |

**ORDER AND REASONS**

Before the Court are plaintiffs' unopposed motions to dismiss without prejudice defendant Nationstar Mortgage, LLC ("Nationstar") and to remand the matter.[1] For the following reasons, the Court grants the motions.

**I.   BACKGROUND**

This insurance coverage dispute arises from property damage allegedly caused by Hurricane Ida on August 29, 2021.[2] At the time of the hurricane, the property in question was insured by Maison Insurance Company ("Maison"), which later merged with FedNat Insurance.[3] On September 27, 2022, the Second Judicial Circuit Court in Leon County, Florida, declared

---

[1]   R. Docs. 13 & 14.
[2]   R. Doc. 1-1 at 1.
[3]   *Id.* ¶ 4.

Fed Nat Insurance insolvent and placed the company in liquidation.[4] Plaintiffs then brought this action in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against Nationstar and the Louisiana Insurance Guarantee Association ("LIGA").[5]

Plaintiffs allege that Maison breached its insurance contract and, thus, LIGA has a statutory obligation to pay the loss incurred because Maison is in receivership.[6] As to Nationstar, plaintiffs allege that they mortgaged their property to Nationstar, and that Nationstar improperly interfered with the insurance claim process by incorrectly asserting that it was entitled to all proceeds paid for any hurricane damage to the property.[7] Plaintiffs contend that should LIGA issue payments to Nationstar as a payee to the entire loss amount, plaintiffs will be unable to pay their attorneys and to make necessary repairs to the property.[8] Plaintiffs seek a declaratory judgment that LIGA issue separate checks to plaintiffs for attorneys' fees and costs, and for any amount that exceeds the amount due under the mortgage note, without Nationstar listed as an additional payee.[9] Plaintiffs further request

---

4   *Id.*
5   *Id.* ¶¶ 3-5.
6   *Id.* ¶¶ 4, 16-25.
7   *Id.* ¶¶ 26-36.
8   *Id.* ¶¶ 34, 36.
9   *Id.* ¶ 36.

that the Court recognize that plaintiff Morris Bart has a valid and enforceable lien for attorneys' fees and costs that is superior to Nationstar's rights as additional loss payee under Louisiana law.[10]

On September 28, 2023, Nationstar removed the action based upon the Court's federal question jurisdiction.[11]  In its notice of removal, Nationstar alleges that the action implicates the Housing and Economic Recovery Act of 2008 ("HERA").[12] Specifically, Nationstar contends that the mortgage loan it serviced was owned by the Federal National Mortgage Association ("Fannie Mae"), which is under the conservatorship of the Federal Housing Finance Agency ("FHFA") pursuant to HERA.[13] Nationstar further contends that HERA is necessarily implicated because plaintiffs' request that the Court recognize the preferential attachment of Morris Bart's alleged "superpriority lien" against future insurance loss proceeds is precluded by HERA's Federal Foreclosure Bar.[14]

Plaintiffs now move to voluntarily dismiss Nationstar from the action without prejudice because the parties have reached an amicable resolution

---

[10]  *Id.*
[11]  R. Doc. 1.
[12]  *Id.* at 5-9.
[13]  *Id.*
[14]  *Id.*

3

of their dispute.[15] Plaintiffs further seek to have the action remanded for lack of subject matter jurisdiction.[16] Defendants do not oppose plaintiffs' motions to dismiss Nationstar without prejudice or to remand the matter.[17]

The Court considers the motions below.

## II. VOLUNTARY DISMISSAL

Under Federal Rule of Civil Procedure 41(a)(1)(A), a plaintiff is entitled to a dismissal without prejudice against a defendant who has yet to file an answer or move for summary judgment, even though the action against a second defendant will remain pending. Fed. R. Civ. P. 41(a)(1)(A)(i); *see also Plains Growers, Inc. V. Ickes-Braun Glasshouses, Inc.*, 474 F .2d 250, 253-54 (5th Cir. 1973) (construing Rule 41(a) to permit dismissal of defendants that "have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants"). A plaintiff's voluntary dismissal under Rule 41(a)(1)(A) is as of right and requires only that notice of dismissal be given to the Court before the other party serves an answer or moves for summary judgment. Fed. R. Civ. P.

---

[15] R. Doc. 13.
[16] R. Docs. 14 & 14-1.
[17] R. Doc. 14 (noting that plaintiffs' counsel conferred with defense counsel "who have no opposition to a dismissal without prejudice, nor remanding of the matter").

41(a)(1)(A)(i) (providing for voluntary dismissal "without a court order" upon plaintiff's filing of "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

Here, Nationstar has yet to serve an answer or move for summary judgment. Although plaintiffs filed an unopposed motion to dismiss their claims against Nationstar without prejudice following the parties' resolution of the dispute, plaintiffs are entitled to dismissal as of right. *See id.* Accordingly, the Court construes plaintiffs' motion as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). Because a notice of voluntary dismissal under Rule 41(a)(1)(A) is self-executing, the filing of plaintiffs' motion divested the Court of jurisdiction over the merits of the dismissed claims against Nationstar without need for a court order. *See id.*; *see also De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits." (citations omitted)); *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (holding that a stipulation of dismissal under Rule 41(a)(1) is "self-effectuating" and divests the district court of "jurisdiction over the case by the filing of the notice of dismissal itself" (citations omitted)). The action against Nationstar is therefore dismissed without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

5

## III. REMAND

### A. Legal Standard

Federal courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[W]hether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). For diversity jurisdiction to exist, there must be complete diversity between plaintiffs and defendants, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes

should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B. Discussion

Plaintiffs' voluntary dismissal of Nationstar from the action has eliminated any asserted federal question from the case, and the remaining claims against LIGA sound in state law. Specifically, plaintiffs seek relief from LIGA for breach of the insurance contract and for Maison's alleged failure to timely pay amounts due under the policy as required by the Louisiana Insurance Guaranty Association Law, La. Rev. Stat. Ann.

§ 22:2051, *et seq*.[18] Absent federal question jurisdiction, there is no other basis for subject matter jurisdiction, as plaintiff and LIGA are not diverse.[19]

Although the Court may exercise supplemental jurisdiction over the remaining state law claims, it is not required to do so. Rather, it may exercise its discretion to decline jurisdiction and remand those claims to state court. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3722 (4th ed. 2023) (recognizing that dismissal of a defendant whose presence justified removal based on federal-question jurisdiction "may influence the court's exercise of discretion under the supplemental

---

[18] R. Doc. 1-1 ¶¶ 16-25.

[19] Plaintiffs are citizens of Louisiana. LIGA is an unincorporated association of Louisiana insurers and "has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). While plaintiffs do not specifically allege the citizenship of LIGA's constituent members, courts have remanded similar cases for lack of complete diversity because LIGA has constituent member insurers domiciled in Louisiana. *See, e.g.*, *Brunet v. S. Fid. Ins. Co.*, No. 21-2308, 2023 WL 4541114, at *4 (E.D. La. July 14, 2023) (Vitter, J.); *Williams v. S. Fid. Ins. Co.*, No. 22-815, 2023 WL 3224751, at *1 (E.D. La. May 3, 2023) (Morgan, J.); *14th St. Props., LLC v. S. Fid. Ins. Co.*, No. 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (Brown, C.J.); *Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023) (Ashe, J.).

jurisdiction statute"); *id.* § 3739.1 (recognizing that, if the jurisdictionally sufficient federal claims are dismissed before trial commences, a court "ordinarily should remand the supplemental claims to the state court or order those claims dismissed without prejudice, although it has discretion to retain and adjudicate them"); *accord Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 863 n.43 (5th Cir. 2021).  In determining whether to remand the state law claims or to exercise supplemental jurisdiction and adjudicate the claims, the Court is "guided by the statutory factors set forth in [28 U.S.C. § 1367(c)] as well as the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601 (5th Cir. 2009) (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)).  As to the statutory factors, Section 1367(c)(3) specifically authorizes the Court to decline supplemental jurisdiction when, as here, the Court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  As to the common law factors, judicial economy is not sacrificed by remand.  Only five months have past since the action was removed, and, until plaintiffs moved for voluntary dismissal and remand, there had been no other motions filed.  Thus, the Court has not expended significant resources in adjudicating the action.  *See Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 589 (5th Cir.

1992) (holding that district court abused its discretion in retaining jurisdiction when case had been pending for only nine months, discovery had not been completed, the district judge had conducted only one hearing, and the forum change would not unduly burden or prejudice the parties); *cf. Brookshire Bros.*, 554 F.3d at 601-02 (district court abused its discretion when it declined to exercise supplemental jurisdiction over remaining state law claims "after investing a significant amount of judicial resources" in an action that had significant motion practice). Moreover, remand would not unduly burden or prejudice the parties or cause undue delay. There is no evidence that plaintiffs' voluntary dismissal of Nationstar was an attempt to forum shop, and LIGA has not objected to the requested remand. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (holding that a court "may consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case" after dismissing all federal law claims from the action). And given that all of the remaining issues in this case are matters of state law, remand would also serve the interests of comity. The Louisiana state court is the best forum to adjudicate plaintiffs' state law claims against LIGA arising under the insurance policy. *See Parker & Parsley*, 972 F.2d at 589 ("Aside from the state courts' superior familiarity

with their respective jurisdictions' law, the federal courts' construction of state law can be uncertain and ephemeral.").

Taken together, these factors counsel in favor of remand. The Court therefore declines to exercise its supplemental jurisdiction over the remaining state law claims against LIGA and remands the action to state court. *See* 28 U.S.C. § 1367(c)(3); *Brookshire Bros*, 554 F.3d at 601.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' claims against Nationstar are dismissed without prejudice. The Court GRANTS plaintiffs' unopposed motion to remand, and REMANDS the action against LIGA to the Twenty-Fourth Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this __28th__ day of February, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE